FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 12, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAULA GLENN,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | No. 1:15-CV-3164-JTR<br><br>ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 15. Attorney D. James Tree represents Paula Glenn (Plaintiff); Special Assistant United States Attorney Ruan Ta Lu represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 3. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income (SSI) on April 5, 2012, alleging disability since January 1, 2011, due to migraine headaches, bipolar disorder, Post-Traumatic Stress Disorder (PTSD), depression, anxiety and panic attacks. Tr. 141-144, 155. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Timothy Mangrum held a hearing on December 3, 2013, Tr. 33-56, and issued an unfavorable decision on

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 1

May 7, 2014, Tr. 19-28.  The Appeals Council denied Plaintiff's request for review on July 17, 2015.  Tr. 1-3.  The ALJ's May 2014 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on September 15, 2015.  ECF No. 1, 5.

## STATEMENT OF FACTS

Plaintiff was born on September 14, 1987, and was 24 years old on the SSI application date, April 5, 2012.  Tr. 141.  Plaintiff went to school until the ninth grade, and it does not appear she has obtained a GED.  Tr. 48, 50, 156.  Her "Disability Report" indicates she has never worked.  Tr. 155.  Plaintiff was approved for SSI as a child, but the SSI was discontinued following a reevaluation at age 18.  Tr. 38-39.  Plaintiff had a difficult childhood and spent time in foster care until she turned 18.  Tr. 38, 48.

At the administrative hearing, Plaintiff testified she has migraine headaches about 21 days per month, Tr. 43-44, PTSD which causes flashbacks and nightmares, Tr. 45, problems with anxiety and paranoia, Tr. 47, and plantar fasciitis, Tr. 50.  Plaintiff indicated she was unable to afford medical benefits and that has prevented her from getting regular check-ups, attending counseling sessions, and receiving treatment for her plantar fasciitis.  Tr. 47, 50-51.

Plaintiff has three children; however, her two youngest children were taken by CPS and adopted by another family, and the oldest child lived with Plaintiff's mother.  Tr. 45-46.  Plaintiff testified at the time of the administrative hearing that she had been clean and sober for three years, but had previously abused cocaine and methamphetamines.  Tr. 49.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed de novo,

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 2

although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Tackett*, 180 F.3d at 1098-1099.  This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 3

economy which claimant can perform.  *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004).  If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On May 7, 2014, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.  At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since April 5, 2012, the application date.  Tr. 21.  At step two, the ALJ determined Plaintiff had the following severe impairments:  anxiety/PTSD; rule out cognitive disorder; bipolar disorder not otherwise specified; plantar fasciitis; and headaches.  Tr. 21.  At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  Tr. 22.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform light exertion level work, but would be limited to unskilled work, including tasks that can be learned in 30 days or less, with few workplace changes and simple work related decisions, and could only occasionally interact with the public and co-workers.  Tr. 23.

At step four, the ALJ found Plaintiff had no past relevant work.  Tr. 27.  At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and RFC, and based on the testimony of the vocational expert, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of production assembler, housekeeper and hand packager.  Tr. 27-28.  The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from April 5, 2012, the date the application for SSI was filed, through the date of the ALJ's decision, May 7, 2014.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly consider Listing 12.05C; (2) improperly rejecting the opinions of a state agency medical consultant; and (3) discrediting Plaintiff's symptom testimony.

## DISCUSSION

### A.    Plaintiff's Subjective Complaints

Plaintiff contends the ALJ erred by failing to provide valid reasons for rejecting her subjective complaints. ECF No. 14 at 11-16. The Court agrees.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, some of the Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible. Tr. 24-25.

The ALJ first found that the objective medical evidence was inconsistent with the extent of Plaintiff's allegations of symptoms and limitations. Tr. 25. A lack of supporting objective medical evidence is a factor which may be considered in evaluating a claimant's credibility, provided it is not the sole factor. *Bunnell v. Sullivan*, 347 F.2d 341, 345 (9th Cir. 1991). Here, as noted by Plaintiff, ECF No.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 5

14 at 12-13, medical professionals of record have indicated that Plaintiff has mental limitations which adversely affect her ability to perform work related activities. *See* Tr. 64-66 & 77-79 (state agency psychologists finding Plaintiff has several moderate limitations and would be in need of vocational rehabilitation services); Tr. 536 (treating counselor opining in 2007 that Plaintiff was not stable); and Tr. 545 (Edward Liu, ARNP, stating in November 2011, that Plaintiff's medical problems, including headaches, interfered with her ability to work). The record as a whole reflects Plaintiff has consistently been diagnosed with PTSD, bipolar disorder, ADHD, and depression. Moreover, she has had her children taken away from her by CPS in part because she was not considered mentally stable. Tr. 263. Plaintiff's allegations of functional limitations are not unsubstantiated by the objective evidence of record.

The ALJ also stated it appeared some of Plaintiff's symptoms are controlled with medication. Tr. 25. The ALJ supports this conclusion by noting that Plaintiff's presentations to the emergency room deceased significantly after she was prescribed Imitrex for her headache symptoms. Tr. 25. The effectiveness of medication in alleviating pain and other symptoms is a relevant factor to consider in evaluating the severity of a claimant's symptoms. 20 C.F.R. § 416.929(c)(3). However, there is nothing in the record to substantiate the ALJ's apparent speculation that Plaintiff's headaches decreased in number or severity after she was prescribed Imitrex, or that Plaintiff's headaches were otherwise "controlled" with medication. The issue of medication effectiveness for reducing the frequency of Plaintiff's headaches remains unresolved in this case.

The ALJ also mentions there is no significant mental health treatment during the relevant time period. Tr. 25. The Ninth Circuit has held that a lack of mental health treatment is a questionable basis on which to reject a claim of a mental impairment. *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (finding "it is a questionable practice to chastise one with a mental impairment for the exercise of

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 6

poor judgment in seeking rehabilitation") (citation and inner quotation marks omitted).  Furthermore, an ALJ must not draw an adverse inference from a claimant's failure to seek or pursue treatment without first considering an explanation that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment.  *See Dean v. Astrue*, 2009 WL 2241333 (E.D. Wash. 2009).  Here, Plaintiff testified at the administrative hearing that she was unable to afford medical benefits, and the lack of medical insurance prevented her from having regular check-ups, attending counseling sessions, and obtaining treatment for her plantar fasciitis.  Tr. 47, 50-51.  Plaintiff provided an adequate explanation for her lack of significant mental health treatment during the relevant time period.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  This Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon de novo review.  42 U.S.C. § 405(g).  It is the role of the trier of fact, not this Court, to resolve conflicts in evidence.  *Richardson*, 402 U.S. at 400.  Nevertheless, based on the foregoing, the Court concludes that the rationale provided by the ALJ for discrediting Plaintiff is not clear and convincing.  The Court thus finds a remand for a proper determination regarding Plaintiff's alleged symptoms is necessary in this case.[1]

_____

[1]On March 16, 2016, SSR 16-3p became effective, eliminating the term "credibility" from the Social Security Administration's policy, and clarifying "adjudicators will not assess an individual's overall character or truthfulness."  SSR 16-3p, 2016 WL 1119029 at *1, 10.  Accordingly, on remand, the ALJ should address SSR 16-3p as part of the review regarding Plaintiff's alleged symptoms.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 7

**B.     Michael Brown, Ph.D**

Plaintiff contends the ALJ also erred by rejecting the opinions of state agency reviewing medical consultant, Dr. Brown.  ECF No. 14 at 9-11.  Plaintiff argues the ALJ failed to properly consider the opinion of Dr. Brown that because of Plaintiff's age and inexperience, she would likely require some vocational rehabilitation guidance and would need help finding a work setting that avoids specific PTSD triggers because she only had partial insight into those triggers.  *Id.*

As determined above, in light of the ALJ's erroneous determination regarding Plaintiff's alleged symptoms, this matter will be remanded for additional proceedings.  On remand, the ALJ shall reconsider Plaintiff's statements and testimony.  The ALJ shall additionally reassess the medical opinions of Dr. Brown, Tr. 76-79, and all other medical evidence of record relevant to Plaintiff's claim for disability benefits.  Furthermore, if warranted, the ALJ shall additionally direct Plaintiff to undergo a new consultative psychological examination and/or elicit the testimony of a medical expert at a new administrative hearing.

**C.     Listing 12.05C**

Plaintiff contends the ALJ erred by finding Plaintiff's mental impairments did not meet or equal Listing 12.05C.  ECF No. 14 at 6-9.  It is claimant's responsibility to prove that her impairments satisfy the requirements of a Listings impairment.  *Tackett*, 180 F.3d at 1098-1099.

At step three, the ALJ considered Listing 12.00 and found that none of claimant's impairments medically met or equaled the criteria for this Listing.  Tr. 23.  The ALJ specifically stated as follows:  "The record includes a history of speculative low IQ, but the record during the relevant period does not indicate any major deficiencies. . . .   Further, there is no evidence of the 'C' criteria."  Tr. 23.

Listing 12.05 addresses intellectual disability characterized as significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 8

demonstrates or supports onset of the impairment before age 22. 20 C.F.R. § 404, Subpt. P, App. 1, § 12.05. To meet Listing 12.05C, a claimant must demonstrate: (1) significantly subaverage general intellectual functioning with deficits in adaptive functioning with an onset before age 22; (2) a valid verbal, performance, or full scale IQ of 60 to 70; and (3) a physical or other mental impairment imposing an additional and significant work-related limitation of function. 20 C.F.R. § 404, Subpt. P, App. 1, § 12.05C; *Kennedy v. Colvin*, 738 F.3d 1172, 1174 (9th Cir. 2013).

Defendant concedes the evidence satisfies the second and third elements of Listing 12.05C (Tr. 241 (report describing a performance IQ score of 70); Tr. 21-22 (ALJ finding Plaintiff severe physical and mental impairments imposing work-related limitations)), but challenges the first element. ECF No. 15 at 7. The Court finds that, while the record clearly reflects Plaintiff had a troubling childhood, the first prong of the test for Listing 12.05C, whether Plaintiff has significantly subaverage intellectual functioning with deficits in adaptive functioning with an onset before age 22, is unresolved at this time.

On remand, the ALJ shall further develop the record by requiring Plaintiff to undergo a new consultative psychological examination and/or eliciting testimony from a psychological medical expert. This information will assist the ALJ in his reassessment of step three of the sequential evaluation process. On remand, the ALJ shall reevaluate step three with specific attention given to the first prong of the test for Listing 12.05C.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for an immediate award benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id.* Remand is

appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

On remand, the ALJ shall reexamine Plaintiff's statements and testimony and reassess step three of the sequential evaluation process with specific attention given to Listing 12.05C, taking into consideration the opinions of Dr. Brown, and all other medical evidence of record relevant to Plaintiff's claim for disability benefits. The ALJ shall develop the record further by requiring Plaintiff to undergo a new consultative psychological examination prior to a new administrative hearing and, if warranted, by eliciting the testimony of a medical expert. The ALJ shall obtain supplemental testimony from a vocational expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1.      Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED, in part**.

2.      Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

3.      The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.      An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED September 12, 2016.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 10